**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Marco Verch,

      Plaintiff,

v.                                                    Case No.: 8:25-cv-03191-MSS-SPF

Carpenter Heating-Cooling LLC,
Defendant.

_____/

## CARPENTER HEATING-COOLING LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Carpenter Heating-Cooling LLC ("Defendant" or "CHC"), by and through its undersigned counsel, hereby responds to the Complaint for Copyright Infringement filed by Plaintiff Marco Verch ("Plaintiff" or "Verch") and states as follows:

SUMMARY OF THE ACTION

1.     Defendant admits that Plaintiff purports to bring this action under the Copyright Act, 17 U.S.C. § 106. Defendant denies that Plaintiff has any exclusive rights that have been violated and denies that any copying or distribution occurred as alleged.

2.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 regarding Plaintiff's background as a photographer, and therefore denies the same.

3.     Defendant admits that CHC is a heating and air-conditioning business that handles design, installation, maintenance, and repair for HVAC systems. Defendant admits that it owned and operated the website located at https://carpentercooling.com/ and the Facebook page located at https://www.facebook.com/carpentercoolingLLC. Defendant denies all remaining allegations in Paragraph 3.

4.     Defendant denies the allegations in Paragraph 4.

JURISDICTION AND VENUE

5.     Defendant admits that Plaintiff purports to bring claims under the Copyright Act, 17 U.S.C. § 501. Defendant denies that any infringement occurred.

6.     Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over claims properly brought under 28 U.S.C. §§ 1331 and 1338(a), but denies that Plaintiff's claims are properly brought.

7.     Defendant admits that it is subject to personal jurisdiction in Florida.

8.     Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue may be proper in

this district under 28 U.S.C. § 1391(b) and (c) and 1400(a). Defendant denies that any events giving rise to claims of infringement occurred.

## DEFENDANT

9.    Defendant admits that Carpenter Heating-Cooling LLC is a Florida Limited Liability Company with its principal place of business at 991 Varet Road, Venice, Florida 34293, and that it may be served by serving its Registered Agent, Scott Carpenter, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

10.    Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff created the photograph entitled "Merry-Christmas --- Christmas-decorations-on-red-background" in 2021, and therefore denies the same.

11.    Defendant admits that a Certificate of Registration bearing registration number VA 2-293-017 with an effective date of February 19, 2022 is attached to the Complaint as Exhibit 1. However, Defendant denies that said registration was properly obtained or that it validly covers the Work at issue, as the registration was for a group of 750 photographs and lists Golib Tolibov as the author, not Plaintiff Marco Verch.

12.    Defendant denies that Plaintiff was, at all relevant times, the owner of a valid copyright in the Work.

13.    Defendant denies the allegations in Paragraph 13.

14. Paragraph 14 states legal conclusions whether a work was "copied" to which no response is required and therefore denies the same.

15. Defendant denies the allegations in Paragraph 16.

16. Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff owned any copyright in the Work or provided permission to use the Work, and therefore denies the same.

17. Defendant denies the allegations in Paragraph 18.

18. Defendant denies that it committed copyright infringement. Defendant admits that certain documents are attached to the Complaint as Exhibit 2 but denies that such documents evidence any infringement.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff gave any third parties permission or authority to copy, distribute, or display the Work, and therefore denies the same.

21. Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff notified CHC of allegations on these dates, and therefore denies the same. Defendant denies that it is liable for any claims alleged therein. Defendant admits that while it removed the image at issue from its social media page over a year ago, the parties have not resolved this matter.

## COUNT I: COPYRIGHT INFRINGEMENT

22. In response to Paragraph 22, Defendant incorporates its responses to Paragraphs 1 through 21 as if fully set forth herein.

23. Defendant denies that Plaintiff owns a valid copyright in the Work.

24. Defendant admits that Plaintiff alleges registration of the Work pursuant to 17 U.S.C. § 411(a), but denies that the registration is valid or that it properly covers the Work at issue.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies that any of its acts were willful.

28. Defendant denies that Plaintiff has been damaged by any conduct of Defendant.

29. Defendant denies that any harm caused to Plaintiff by Defendant has been irreparable.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, including injunctive relief, actual damages, statutory damages, attorneys' fees, costs, or any other relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE:

Failure to Satisfy Registration Requirements Under 17 U.S.C. § 411

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to satisfy the registration requirements of 17 U.S.C. § 411. The Copyright Registration Certificate (Registration No. VA 2-293-017) attached to the Complaint as Exhibit 1 was issued for a "Group of Published Photographs" containing 750 photographs that were purportedly all created in 2021 and lists Golib Tolibov as the author of the photographs, not Plaintiff Marco Verch. Plaintiff is listed only as the copyright claimant by assignment. The Copyright Office expressly states that Group Registration "may not be used to register any other type of work. For example, the Copyright Office will not accept an application that combines photographs with text, artwork, illustrations, or any other type of work." See Group Registration for Published Photographs | U.S. Copyright Office The Work at issue on its face combines text and artwork. Upon further information and belief, the registration contains inaccurate information regarding authorship and ownership, and Plaintiff cannot demonstrate that the Work at issue was properly included in the group registration or that the registration otherwise satisfies the requirements of 17 U.S.C. § 411.

## SECOND AFFIRMATIVE DEFENSE: Lack of Ownership

Plaintiff's claims are barred because Plaintiff lacks ownership of a valid copyright in the Work. Plaintiff claims he created the Work in Paragraph 10 of the Complaint.  The registration certificate identifies Golib Tolibov as the author. Plaintiff has failed to establish valid ownership of the copyright.

## THIRD AFFIRMATIVE DEFENSE: Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE: Innocent Infringement

To the extent Defendant is found to have engaged in any infringing activity, which is expressly denied, any such activity was innocent and not willful, entitling Defendant to a reduction in any statutory damages pursuant to 17 U.S.C. § 504(c)(2).

## FIFTH AFFIRMATIVE DEFENSE: Failure to Mitigate Damages

Plaintiff has failed to mitigate its alleged damages, if any.

## SIXTH AFFIRMATIVE DEFENSE: Reservation of Rights

Defendant reserves the right to assert additional affirmative defenses as discovery proceeds and additional facts become known.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Carpenter Heating-Cooling LLC respectfully requests that this Court:

38871425v1

7

a. Dismiss Plaintiff's Complaint with prejudice;

b. Enter judgment in favor of Defendant on all claims;

c. Determine that the Certificate of Registration bearing registration number VA 2-293-017 is invalid;

d. Award Defendant its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

e. Award Defendant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: February 9, 2026

/s/ Douglas A. Cherry
Douglas A. Cherry, Esquire (lead counsel)
Florida Bar No. 0333130
dcherry@shumaker.com
Shumaker, Loop & Kendrick, LLP
240 South Pineapple Avenue
10th Floor
Sarasota, Florida 34236
Telephone: (941) 366-6660
Facsimile: (941) 366-3999
*Attorney for Defendant*

38871425v1

8

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was electronically filed with the Court on February 9, 2026, which will provide notice to all attorneys of record.

/s/ Douglas A. Cherry
Attorney

38871425v1